RYAN, APPELLANT, v. TRACY, CTY. AUDITOR, ET AL., APPELLEES.

[Cite as Ryan v. Tracy (1983), 6 Ohio St. 3d 363.]

(No. 82-1103—Decided August 31, 1983.)

*Mr. Ronald B. Noga*, for appellant.

*Mr. Michael Miller*, prosecuting attorney, *Ms. Joan G. Robinson, Smith & Schnacke Co., L.P.A., Ms. Maryann B. Gall* and *Mr. Matthew T. Fitzsimmons*, for appellees.

*Messrs. Carlile, Patchen, Murphy & Allison* and *Mr. Robert J. Kosydar*, urging affirmance for *amicus curiae*, County Auditors Association of Ohio.

LOCHER, J. Appellant asks us to find both that the appellate court erred in upholding the trial court's bar of his action for failure to comply with the requirements of R.C. 2723.01 *et seq.*, and that R.C. 319.36 and R.C. Chapter 2721 are the controlling statutes in the instant action. Appellees request that should this court find R.C. 319.36 applicable to the case at bar that we also appoint a special master commissioner to assist in determining the import of

the subject tax records. As we reject appellant's claims of the relevancy of R.C. 319.36, the matter of the appointment is moot.

Neither party to the herein action disputes that R.C. 2723.01[1] prohibits the recovery of taxes where an action for such recovery is not commenced within one year of the payment of the tax. See *State, ex rel. Bassichis,* v. *Zangerle* (1933), 126 Ohio St. 118; *Groesbeck* v. *Cincinnati* (1894), 51 Ohio St. 365. Similarly, neither party to the present cause finds controvertible the fact that the written protest and notice of intention to sue provisions of R.C. 2723.03[2] are mandatory and must be strictly adhered to if an action for the recovery of allegedly wrongfully collected taxes is to be maintained. *Swetland Co.* v. *Evatt* (1941), 139 Ohio St. 6 [21 O.O. 511]; *State, ex rel. Bassichis, supra; Cuyahoga Falls* v. *Beck* (1924), 110 Ohio St. 82; *Trustees* v. *Thoman* (1894), 51 Ohio St. 285. In short, both appellant and appellee concur that if R.C. 2723.01 and 2723.03 are presently apposite, the instant claim is barred as appellant has complied with neither statute. Appellant, however, denies the applicability herein of R.C. Chapter 2723.

Appellant argues that his action is governed by R.C. 319.36, not R.C. 2723.01 *et seq.,* and, thus, that the cause is subject to a five-year, rather than one-year, limitations period.[3] He then proceeds to assert that appellee's error in assessing real property taxes from 1975 through 1979 was "clerical" in nature, not "fundamental,"[4] and thus, entitled him and the members of his class to recover the improperly collected taxes. Even were we to assume,

---

[1] R.C. 2723.01 provides that:

"Courts of common pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected, without regard to the amount thereof, but no recovery shall be had unless the action is brought within one year after the taxes or assessments are collected."

[2] R.C. 2723.03 reads, in pertinent part:

"If a plaintiff in an action to recover taxes or assessments, or both, alleges and proves that he or the corporation or deceased person whose estate he represents, at the time of paying such taxes or assessments, filed a written protest as to the portion sought to be recovered, specifying the nature of his claim as to the illegality thereof, together with notice of his intention to sue under sections 2723.01 to 2723.05, inclusive, of the Revised Code, such action shall not be dismissed on the ground that the taxes or assessments, sought to be recovered, were voluntarily paid."

[3] The limitation period relative to the issuance of refunds under R.C. 319.36 is set forth in R.C. 319.37 which provided, in relevant part: "* * * No taxes or assessments shall be refunded except as have been erroneously charged or collected in the five years next prior to the discovery of such charge or collection by the auditor. * * *"

[4] R.C. 319.36 only authorizes the refund of taxes collected as a result of clerical, not fundamental, error. *State, ex rel. Pulskamp,* v. *Bd. of Cty. Commrs.* (1928), 119 Ohio St. 504. Generally, clerical errors are those of the bookkeeping or copying genre while fundamental errors are those committed in the exercise of the subject administrative officer's judgment and discretion. We make no finding as to whether the alleged error in the instant action is clerical or fundamental in nature.

however, that appellee, in levying such taxes, had committed clerical error, we still could not agree with appellant's inference.

R.C. 319.36 provided, in pertinent part:

"* * * If, at any time, the auditor discovers that erroneous taxes or assessments have been charged or collected in previous years, he shall call the attention of the board of county commissioners to such charge or collection at a regular or special session of the board. If the board finds that taxes or assessments have been erroneously charged or collected, it shall:

"* * *

"(B) In the event of erroneous charges that have been collected, order the auditor to draw his warrant on the treasurer in favor of the person paying them for the full amount of the taxes or assessments so charged and collected. The treasurer shall pay such warrant from the general revenue fund of the county."

It is clear from a reading of R.C. 319.36 that the statute provides a discretionary, essentially administrative remedy for erroneously charged and collected property taxes. The remedy is not activated, however, until the county auditor "discovers" the improper assessment and the board of county commissioners concurs in such finding. Albeit cleverly, appellant through the guise of a declaratory judgment action is attempting to strip both the auditor and the board of their statutorily conferred powers. Through rather disingenuous means, appellant seeks the right, in effect, to compel the county auditor to find that erroneous taxes have been collected, command the board to order the auditor to draw his warrant in appellant's favor without their first having found an improper assessment to have been made, and to mandate that the auditor draw his warrant before the board has so instructed him. Such a ploy cannot, consonant with the spirit and the explicit language of the statute, be countenanced.

R.C. 2723.01 *et seq.* provide the exclusive means by which a taxpayer may, with the approbation of the court, demand that the county auditor refund erroneously collected taxes. R.C. 319.36 lacks this element of compulsion. Instead, it grants administrative prerogatives to both the auditor and the county commissioners over which a taxpayer exerts no influence.[5] Thus, to permit appellant to achieve through one statute that which he is empowered to do only through another would be to ignore legislative intent and abrogate legislative prerogative. This we refuse to do.

Appellant argues in the alternative that as he is seeking declaratory

---

[5] Should the board of county commissioners, however, find that taxes have been erroneously collected and fail to order the auditor to draw his warrant in favor of the injured taxpayer or should the auditor refuse to draw his warrant once so instructed, an action in mandamus may lie against said officers. Moreover, any party aggrieved by a decision of the county commissioners is entitled to seek redress through the courts. R.C. 307.56. In the instant action, however, no ruling by the commissioners is at issue.

relief, rather than monetary damages, R.C. Chapter 2721[6] is determinative of the adequacy of his complaint, not R.C. 2723.01 *et seq.* Again, his assertions are without merit. Appellant would convince us that in a declaratory judgment proceeding the rules ordinarily attendant to the underlying cause of action are suspended and new strictures applied. Such is clearly, however, not the case.

As this court stated in *State, ex rel. Foreman,* v. *Bellefontaine Municipal Court* (1967), 12 Ohio St. 2d 26, 28 [41 O.O.2d 159]:

"Statutes which create a declaratory judgment procedure do not extend the jurisdiction of the subject matter of a court but rather extend the power of the court to grant declaratory relief within its respective jurisdiction. In other words, declaratory judgment statutes provide an additional remedy which may be granted by a court but they do not extend the jurisdiction as to the subject matter upon which a court may act." See, also, *State, ex rel. Neer,* v. *Indus. Comm.* (1978), 53 Ohio St. 2d 22, 23 [7 O.O.3d 64]; *Malloy* v. *Westlake* (1977), 52 Ohio St. 2d 103, 105 [6 O.O.3d 329]; *Sessions* v. *Skelton* (1955), 163 Ohio St. 409 [56 O.O. 370], paragraph three of the syllabus.

If petitioned to do so by the auditor, the court has no option but to bar an action brought pursuant to R.C. 2723.01 *et seq.* where the plaintiff has failed to comply with the mandatory requirements of R.C. 2723.03. Merely because the plaintiff requests declaratory rather than monetary or injunctive relief is of no moment in saving his action. The form of relief desired cannot cure so fatal a defect.

Accordingly, we find R.C. 2723.01 *et seq.* to bar appellant's claim and, thus, affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, HOLMES and J. P. CELEBREZZE, JJ., concur.

C. BROWN, J., dissents.

CLIFFORD F. BROWN, J., dissenting. Because I do not believe that R.C. Chapter 2723 is applicable to the present action, I dissent.

The majority holds that failure to comply with the procedural requirements of R.C. 2723.01 *et seq.* bar an action *brought under that chapter.* While I might accept this premise, I find it inapplicable to the instant case since appellant did not bring his action pursuant to R.C. Chapter 2723, but rather based his claim for a refund of taxes under R.C. 319.36.

The majority's holding that R.C. 2723.01 *et seq.* provide the "exclusive means" by which a taxpayer may demand a refund of erroneously collected

---

[6] R.C. 2721.02 provides, in pertinent part: "Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * *"

taxes seriously undermines the legislative intent of both R.C. Chapter 2721 and R.C. 319.36.

First, a plaintiff proceeding under the Declaratory Judgments Act need not plead or prove a right to recover under some other statutory cause of action in order to prosecute an R.C. Chapter 2721 action. Such an action is an alternative to other remedies (Civ. R. 57) and jurisdiction exists "whether or not further relief is or could be claimed." (R.C. 2721.02.) Simply because the one-year statute of limitations contained in R.C. 2723.01 is a defense to an action brought under that chapter cannot mean that failure to adhere to that provision when alleging an error redressable under R.C. 319.36 extends the subject matter jurisdiction of the court in a declaratory judgment action. Appellant's prayer for relief involved only R.C. 319.36 and therefore, the conditions, requirements and limitations of R.C. 2723.01 *et seq.* were not applicable.

Second, the majority mischaracterizes R.C. 319.36 as a "discretionary, essentially administrative remedy." R.C. 319.36 was designed to provide redress for taxpayers overcharged through clerical errors.[7] Indeed, R.C. 319.36 and its predecessors have traditionally been interpreted as affording wronged taxpayers exactly the type of relief which they request today. See *State, ex rel. Poe,* v. *Raine* (1890), 47 Ohio St. 447; *Christ* v. *Eirich* (C.P. 1912), 13 Ohio N.P. (N.S.) 457. Thus, appellant's claim for return of erroneously assessed and collected taxes was properly cognizable under R.C. 319.36.

By infusing the procedural requirements of R.C. Chapter 2723 into R.C. Chapter 2721, the majority has erroneously commingled two distinct statutory paths. Such an amalgamation not only effectively nullifies the Declaratory Judgments Act but also lets stand uncorrected a mode of operation which was characterized by both lower courts as an "obvious failure" by the county auditor to correctly compute the taxable acreage of forty-two thousand taxpayers as mandated by R.C. 5713.04.[8] The result of this court's holding that R.C. 2723.01 *et seq.* provide the exclusive means by which a taxpayer may demand a refund of erroneously collected taxes is that even though a county auditor disregards a tax computation mandated by the

---

[7] That the auditor's selection of the wrong acreage figure was a "clerical error" is supported by prior case law which explored the distinction between "clerical" and "fundamental" error. See, *e.g., State, ex rel. Poe,* v. *Raine, supra,* and *Insurance Co.* v. *Cappellar* (1883), 38 Ohio St. 560. See, also, 51 Ohio Jurisprudence 2d 434, Taxation, Section 347. All that was necessary to correct the error alleged in the complaint was a simple clerical subtraction, as required by R.C. 5713.04. In view of the fact that the county auditor had available to him all the information necessary to clerically correct the error made when he assessed tax on land occupied by public highways, the error must be deemed a "clerical error" redressable under R.C. 319.36.

[8] R.C. 5713.04 reads in pertinent part as follows:

"The county auditor *shall deduct from the value of each separate parcel of real property* the amount of land occupied and used * * * as a public highway at the time of such assessment." (Emphasis added.)

statutes and overcharges a taxpayer and the taxpayer discovers the error within the five-year period of R.C. 319.37 and requests a refund of his overpayment, the county auditor himself remains the only person who may set in motion the procedure which would lead to rectifying his mistake. Such a restrictive interpretation of R.C. 319.36 allows the county auditor to perpetuate his error and does much to insulate him from taxpayers' actions.

I would reverse the judgment of the court of appeals.