BLISSWOOD VILLAGE HOMEOWNERS ASSOCIATION, APPELLANT, *v.*
MCCORMACK, COUNTY AUDITOR; EUCLID BOARD OF EDUCATION ET AL.,
APPELLEES.

[Cite as Blisswood Village Homeowners Assn. *v.* McCormack (1988),
38 Ohio St. 3d 73.]

(No. 87-1527—Submitted June 2, 1988—Decided July 27, 1988.)

*Moore & Meador* and *Garnett R. Meador,* for appellant.

*Paul F. Oyaski,* law director, *Walter, Haverfield, Buescher & Chockley, Henry B. Fischer* and *Patrick R. Rocco,* for appellees.

HOLMES, J. The court of appeals was correct in its review of this court's analysis of R.C. 2723.01 as set forth in *Ryan* v. *Tracy* (1983), 6 Ohio St. 3d 363, 6 OBR 416, 453 N.E. 2d 661.

However, that analysis does not completely encompass the rights of the taxpayer under the facts presented in this case.

R.C. 2723.01 provides:

"Courts of common pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected, without regard to the amount thereof, but no recovery shall be had unless the action is brought within one year after the taxes or assessments are collected."

R.C. 319.36 provides, in pertinent part:

"* * * If, at any time, the auditor discovers that erroneous taxes or assessments have been charged or collected in previous years, he shall call the attention of the county board of revision to such charge or collection at a regular or special session of the board. If the board finds that taxes or assessments have been erroneously charged or collected, and in all cases where the tax commissioner has certified such a determination under section 5711.32 of the Revised Code, it shall:

"* * *

"(B) In the event of erroneous charges that have been collected, order the auditor to draw his warrant on the treasurer in favor of the person paying them, or his personal representative, for the full amount of the taxes or assessments so charged and collected with any applicable interest thereon as prescribed by section 5719.041 of the Revised Code. * * * Except for taxes required to be refunded by the county auditor pursuant to division (A) of section 5711.32 of the Revised Code, no taxes or assessments shall be refunded unless they have been erroneously charged or collected in the five years next preceding the discovery of such charge or collection by the auditor."

In *Ryan* v. *Tracy, supra,* this court held, in the syllabus:

"1. The provisions of R.C. 2723.03, relating to the filing of a written protest and notice of intention to sue, are mandatory and a failure to comply with them shall bar an action brought under R.C. 2723.01 *et seq.* to recover previously paid taxes or assessments. (R.C. 2723.03, construed.)

"2. Pursuant to R.C. 319.36, a court may neither compel a county auditor to find that erroneous taxes or assessments have been charged or collected, command the board of commissioners to order him to draw his warrant in favor of an aggrieved taxpayer where the board has not first found an improper assessment to have been made, nor mandate that the auditor draw his warrant before the board has so instructed him. (R.C. 319.36, construed.)"

It is undisputed that appellant failed to comply with the protest and notice requirements of R.C. 2723.03 and thus any action predicated upon R.C. 2723.01 was barred. The *Ryan* court specifically stated that R.C. 2723.01 *et seq.* "provide the exclusive means by which a taxpayer may, with the approbation of the court, demand the county auditor refund erroneously collected taxes." *Id.* at 366, 6 OBR at 419, 453 N.E.2d at 664. Nevertheless, Blisswood Village, like the appellant in *Ryan,* contends that R.C. 319.36 provides it with an alternate judicial remedy. The *Ryan* court rejected such a position, construing R.C. 319.36 to be wholly administrative in its scope, "over which a taxpayer exerts no influence." *Id.* However, there is a notable factual distinction between *Ryan* and the instant case. Here, the auditor and the board of revision have discovered their error. Footnote 5 of the *Ryan* opinion states that "[s]hould the board of county commissioners, however, find that taxes have been erroneously collected and fail to order the auditor to draw his warrant in

favor of the injured taxpayer or should the auditor refuse to draw his warrant once so instructed, an action in mandamus may lie against said officers. * * *'' *Id.* We see no reasonable difference between a situation where the board of county commissioners first finds that the taxes have been erroneously collected, and then informs the auditor of the error, and the situation where the auditor first discovers such error. The duty is the same for the auditor to draw his warrant in favor of the aggrieved taxpayer. Thus, Blisswood Village could have pursued an action in mandamus, compelling the auditor to perform the duties prescribed in R.C. 319.36, but it did not do so. This avenue yet remains open to appellant.

It should be pointed out that the trial court's order did not comport with the statute upon which it was allegedly based. R.C. 319.36 provides for a refund of erroneously collected taxes only for the five years preceding discovery, *i.e.,* the period of 1978-1982. The trial court's error—in addition to that of lack of jurisdiction—was also in interpreting the statute to cover the entire period of 1969 through 1982. Should appellant pursue an action in mandamus, it would be limited in recovery to the statutory five-year period.

Based upon our prior determination in *Ryan,* the taxpayer would have no appeal under R.C. 2723.01 *et seq.,* and upon this basis the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.