[Cite as *Fortney v. McQuillen*, 2019-Ohio-4941.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| GARY H. FORTNEY | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellant | : | Hon. Earle E. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 19-COA-025 |
| ANGIE MCQUILLEN, TREASURER, | : | |
| ET AL | : | |
| | : | OPINION |
| Defendants-Appellees | | |

CHARACTER OF PROCEEDING:          Civil appeal from the Ashland County Court
                                                          of Common Pleas, Case No. 18-CIV-112

JUDGMENT:                                       Affirmed in part, Reversed and Remanded
                                                          in part

DATE OF JUDGMENT ENTRY:         December 2, 2019

APPEARANCES:

For Plaintiff-Appellant
JOSHUA COHEN
3208 Clinton Avenue
Cleveland, OH 44113

For Defendants-Appellees
CHRISTOPHER TUNNELL
Ashland County Prosecutor
110 Cottage Street
Ashland, OH 44805

*Gwin, P.J.*

{¶1}    Appellant appeals the June 3, 2019 judgment entry of the Ashland County Court of Common Pleas granting appellees' motion for summary judgment and denying appellant's motion for class certification.

*Facts & Procedural History*

{¶2}    On June 12, 2018 appellant Gary Fortney filed a class action complaint against appellees Ashland County Treasurer and Ashland County Board of County Commissioners.  Appellant alleges that, pursuant to Ohio statute, the price paid at judicial sales should include taxes on the purchased property for the current year, pro-rated through the date of the sale; however, as a matter of policy, Ashland County did not pro-rate the taxes and instead required the buyer of the property to pay real estate taxes for the full year of the purchase, making buyers twice pay taxes for the period before the purchase in the year of the transaction – once as a part of the purchase price, and a second time when Ashland County assessed them for taxes for the full year.  Appellant further avers when he bought property at judicial sales in Ashland County and the county subsequently charged him real estate taxes for the full year of the transaction, he paid taxes twice and "only by adhering to its unlawful policy did Ashland County fail to deduct the tax from the sales proceeds."

{¶3}    Appellant states that his counsel wrote the common pleas court judge seeking guidance on the failure to comply with R.C. 323.47 and the judge responded that the county did not pro-rate property taxes for the year during which judicial sales take place because it would be administratively burdensome, the county had a long-standing policy not to pro-rate taxes, and R.C. 323.47 might be unconstitutional.  Appellant alleges

that, as a result of this policy, the county has received double payment from appellant and all other purchasers at judicial sales of property taxes owed for the year in which the transaction took place. In Count One of his complaint, appellant argues the doctrine of unjust enrichment entitles him and the class to recoup sums from appellees. In Count Two of his complaint, appellant seeks a declaratory judgment that appellees violated R.C. 323.47 by failing to pro-rate and deduct real estate taxes for the current year through the date of sale or confirmation, depending upon the version of the statute that was in force at the time of the transaction.

{¶4} Appellees filed a motion to dismiss pursuant to Civil Rule 12(B)(6) on June 25, 2018. The trial court denied appellees' motion to dismiss on October 29, 2018. On November 9, 2018, appellees filed an answer to appellant's complaint. In both their answer to the complaint and in their answers to appellant's interrogatories, appellees admitted that, prior to the effective date of Local Rule 19.06(B)(4), they did not deduct pro-rated real estate taxes for the current year from the sales proceeds of properties sold at sheriff's sale.

{¶5} On April 12, 2019, appellant filed a motion for class certification and appointment of class counsel. Appellees filed a memorandum in opposition to appellant's motion for class certification on April 22, 2019.

{¶6} Appellees filed a motion for summary judgment on April 15, 2019. Attached to the motion for summary judgment is the affidavit of Angela McQuillen ("McQuillen"), the Ashland County Treasurer. McQuillen avers she is responsible for collecting real estate taxes for all real estate in Ashland County and that, until the beginning of 2018, the Court of Common Pleas ordered that taxes due and payable be discharged out of the

proceeds of foreclosure sales, instead of pro-rating taxes and that after the common pleas court issues an order confirming sale and distributing the proceeds, the sheriff forwards her the amount of money ordered by the court to discharge the taxes. When McQuillen has not received enough money from the sheriff's office to discharge pro-rated taxes in a foreclosure sale, she has no choice but to include those amounts on the first tax bill to the new owner of the property. Also attached to the motion for summary judgment is the affidavit of Christopher Tunnell ("Tunnell"), the Ashland County Prosecuting Attorney.

{¶7} Appellant filed a memorandum in opposition to appellees' motion for summary judgment on May 3, 2019. Attached to the memorandum in opposition is the affidavit of appellant. Appellant avers he purchased numerous properties listed through foreclosure in the Ashland County Court of Common Pleas between 2013 and the present. Further, that in April of 2014, he notified Ashland County the practice related to foreclosure sales and the pro-rating of unbilled and undue taxes did not comply with R.C. 323.47 and the County informed him they would not change their practice in this regard. Appellant stated effective January 1, 2018, Local Rule 19.06 was amended to provide that real estate taxes in foreclosure proceedings would be estimated and pro-rated as of the date of the sale of the property, thus curing the concerns appellant had about non-compliance with R.C. 323.47. Appellant then detailed each property he purchased at judicial sale from December 5, 2013 to 2018 and stated that, in each instance, the purchase price he paid for the property included half years of taxes; further, that after he paid for each property, Ashland County reassessed the real estate taxes and sent him a bill for these taxes despite the fact he had already paid the taxes at the time of purchase. Appellant avers since he then paid these subsequent tax bills, he paid taxes to Ashland

County twice.  Appellees filed a reply to their motion for summary judgment on May 17, 2018.

{¶8}   The trial court issued a judgment entry on June 3, 2019.  The trial court found that appellant, as the successful bidder at the sheriff's sale, was a party to the fourteen foreclosure cases at issue and therefore could have appealed any judgment entries confirming sale that erroneously calculated the taxes to be discharged. Additionally, the trial court found the unjust enrichment claim centers upon an issue appellant could have raised in a timely motion for relief from judgment, or an appeal, of whether the court correctly ordered the payment and discharge of taxes from the sale proceeds.  The trial court concluded that because appellant was a party to the foreclosure cases and all of his claims could have been resolved, all of appellant's claims are barred by res judicata.

{¶9}   With regards to the statute of limitations in R.C. 2723.01, the trial court found that appellant's claims in this case are not founded on an implied contract and R.C. 2723.01 is a jurisdictional statute and by its express terms precludes any actions to recover unlawfully collected taxes from being brought more than one year after the taxes were collected.  The trial court additionally determined appellant is making a claim that taxes are being illegally collected, as he equates the county's failure to pro-rate and discharge taxes for the year of sale, which are collected from a subsequent owner, with double taxation.  The trial court found the statute of limitations contained in R.C. 2723.01 applicable in this case.

{¶10} The trial court granted appellees' motion for summary judgment and dismissed the case in its entirety on the basis of res judicata.  Further, the trial court

granted the motion specifically as to claims for taxes paid prior to June 12, 2017 on the basis of the one-year statute of limitations in R.C. 2723.01. The trial court denied appellant's motion for class certification as moot.

{¶11} Appellant appeals the June 3, 2019 judgment entry of the Ashland County Court of Common Pleas and assigns the following as error:

{¶12} "I. THE TRIAL COURT ERRED IN HOLDING THAT THE DOCTRINE OF RES JUDICATA ENTITLED THE DEFENDANTS TO SUMMARY JUDGMENT ON THE PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT.

{¶13} "II. THE TRIAL COURT ERRED IN HOLDING THAT THE ONE-YEAR STATUTE OF LIMITATIONS UNDER R.C. 2723.01 BARRED THE PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT.

{¶14} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION."

*Summary Judgment Standard*

{¶15} Civil Rule 56(C) provides, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds

can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶16} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Indus. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶17} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶18} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

I.

{¶19} In his first assignment of error, appellant argues the trial court erred in holding the doctrine of res judicata entitled appellees to summary judgment on his claim for unjust enrichment.

{¶20} The doctrine of unjust enrichment "applies when a benefit is conferred and it would be inequitable to permit the benefitting party to retain the benefit without compensating the conferring party." *Garb-Ko, Inc. v. Benderson*, 10th Dist. Franklin No. 12AP-430, 2013-Ohio-1249. The purpose of an unjust enrichment claim is not to compensate the plaintiff for loss or damage suffered by the plaintiff, but to enable the plaintiff to recover the benefit he conferred on the defendant when it would be unjust for the defendant to retain the benefit. *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791. The elements of an unjust enrichment claim are: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant knew of the benefit; and (3) it would be unjust to allow the defendant to retain the benefit without payment to the plaintiff. *Robinette v. PNC Bank*, 5th Dist. Licking No. 15-CA-47, 2016-Ohio-767. The damages for unjust enrichment are "the amount the defendant benefited." *Bollman v. Lavery Automotive Sales & Serv., LLC*, 5th Dist. Stark No. 2019CA00025, 2019-Ohio-3879. Unjust enrichment entitles a party only to restitution of the reasonable value of the

benefit conferred. *FedEx Corp. Services, Inc. v. Heat Surge, LLC*, 5th Dist. Stark No. 2018CA00026, 2019-Ohio-217. "Payment of a tax that is erroneously or illegally collected, gives the taxpayer a claim in restitution against the taxing authority as necessary to prevent unjust enrichment." *San Allen, Inc. v. Buehrer*, 8th Dist. Cuyahoga No. 99786, 2014-Ohio-2071, citing Restatement of the Law 3d, Restitution and Unjust Enrichment, Section 19(1) (2011). The amount of the overcharge is a factual issue to be resolved by the trier of fact. *Id.*

{¶21} In his affidavit, appellant avers he notified Ashland County that their practice did not comply with R.C. 323.47. Appellant then details each property he purchased at judicial sale and stated the purchase price he paid for each property included half years of taxes and that after he paid for each property, Ashland County reassessed the real estate taxes and sent him a bill for these taxes despite the fact he had already paid the taxes at the time of purchase. In each of the underlying foreclosure cases, the Ashland County Court of Common Pleas issued a judgment entry confirming the sale and ordering the distribution of sale proceeds. Each of those judgment entries ordered the previous year's taxes to be paid from the sale proceeds, rather than pro-rating the estimated taxes to the date of the transfer of the deed or to the date of the sheriff's sale. Accordingly, we find appellant met his summary judgment burden as the non-moving party on his unjust enrichment claim.

{¶22} The doctrine of res judicata precludes "relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." *State ex rel. Kroger Co. v. Indus. Comm.,* 80 Ohio St.3d 649, 687 N.E.2d 768 (1998). In order to apply the doctrine of res judicata, we must

conclude the following: "(1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). Res judicata extends to claims that "were or could have been litigated" in the first action. *State ex rel. Massey v. Stark Cty. Common Pleas Court*, 5th Dist. Stark No. 2017CA00003, 2017-Ohio-1351.

{¶23} Appellees contend the confirmations of sale in each of the foreclosure cases bars appellant's claims. We find the unjust enrichment claim was not and could not have been litigated in the prior action. The benefit appellant claims he conferred on the county and argues it would be unjust for the county to retain occurred after the confirmations of sale, when the county billed for and received taxes for the full year of the sale instead of deducting the pro-rated amount from the purchase price. Ashland County did not collect the taxes appellant is attempting to recoup until after the confirmation order was issued in each case. Accordingly, appellant's first assignment of error is sustained, subject to the limitation as detailed in our disposition of appellant's second assignment of error.

II.

{¶24} In his second assignment of error, appellant contends the trial court erred in holding the one-year statute of limitations under R.C. 2723.01 barred his claim for unjust enrichment.

{¶25} Pursuant to R.C. 2723.01, "courts of common pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected, without regard to the amount thereof, but no recovery shall be had unless the

action is brought within one year after the taxes or assessments are collected." Appellant contends this statute is inapplicable because the activity by Ashland County was not "illegal" and thus the applicable statute of limitations is the six-year statute of limitations for unjust enrichment claims. We disagree with appellant.

{¶26} Absent ambiguity, the court must give effect to the plain meaning of a statute. *Cablevision of the Midwest, Inc. v. Gross*, 70 Ohio St.3d 541, 639 N.E.2d 1154 (1994). "Illegal" is generally defined as "forbidden by law; unlawful." *Black's Law Dictionary* (11th Ed. 2019); See *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. Appellant's claim for unjust enrichment in this case is that the county's failure to pro-rate the taxes amounts to double taxation. Appellant is alleging appellees did not comply with R.C. 323.47 and taxes were collected contrary to the mandates of the statute. In his complaint, appellant states, "only by adhering to its unlawful policy did Ashland County fail to deduct the tax from the sales proceeds." Thus, he is alleging the tax collection at a non-pro-rated rate is unlawful and/or is not authorized by law. In holding the statute of limitations in R.C. 2723.01 was applicable in a class action suit property owners brought against the auditor, commissioners, and treasurer due to the failure to deduct from each class member's property description acreage of land committed to public highway use for tax assessment purposes, the Ohio Supreme Court stated "R.C. 2723.01 provides the exclusive means by which a taxpayer may demand the auditor refund erroneously collected taxes." *Ryan v. Tracy*, 6 Ohio St.3d 363, 453 N.E.2d 661 (1983). We find R.C. 2723.01 applicable in this case.

{¶27} Appellant cites *LaBorde v. City of Gahanna*, 10th Dist. Franklin Nos. 14AP-764, 14AP-806, 2015-Ohio-2047, in support of his argument. However, we find the

instant case distinguishable from the *LaBorde* case, as in *LaBorde*, the Tenth District found R.C. 2723.01 had no application when the Gahanna City Code, the legal interpretation of which was at issue in the case, specifically applied to overpayments of municipal income taxes and contained a three-year statute of limitations. This case does not involve municipal income taxes and appellant's unjust enrichment claim is not based upon an alleged violation of a municipal ordinance.

{¶28} While we agree with appellees that R.C. 2723.01 contains the statute of limitations applicable to this case, we also agree with appellant that the trial court erred in granting appellees' motion for summary judgment in its entirety. Under R.C. 2723.01, the statute begins to run at the time of collection, not at the time of billing. *Marchionda v. City of Youngstown*, 7th Dist. Mahoning No. 90 C.A. 175, 1991 WL 191648 (Sept. 23, 1991). Appellant alleges appellees collected taxes on some of the properties he bought at judicial sale within one year of June 12, 2018, when he filed his complaint. We find the trial court committed error in granting appellees' motion for summary judgment for taxes collected on or after June 12, 2017. Appellant's second assignment of error is overruled in part and sustained in part.

III.

{¶29} In his third assignment of error, appellant argues the trial court erred in denying his motion for class certification. When the trial court granted appellees' motion for summary judgment, the trial court also concluded appellant's motion for class certification was moot.

{¶30} As detailed above in appellant's second assignment of error, we find the trial court committed error when it granted summary judgment to appellees on appellant's

claims falling within the one-year statute of limitations contained in R.C. 2723.01. Therefore, appellant's motion for class certification is no longer moot. Appellant's third assignment of error is sustained.

{¶31} Based on the foregoing, we sustain appellant's first and third assignments of error. We sustain appellant's second assignment of error in part. The trial court did not commit error in granting summary judgment on appellant's claims for taxes paid prior to June 12, 2017. We find the trial court committed error in granting appellees' motion for summary judgment for taxes collected on or after June 12, 2017 and in finding the motion for class certification moot.

{¶32} The June 3, 2019 judgment entry of the Ashland County Court of Common Pleas is affirmed in part and reversed and remanded in part, for proceedings consistent with this opinion.

Gwin, P.J.,

Baldwin, J., and

Wise, Earle, J., concur