[Cite as *Boler v. Rittman*, 2025-Ohio-5780.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | | |
|---|---|---|
| TARA BOLER, et al. | | C.A. No. 25AP0010 |
| Appellants | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CITY OF RITTMAN, OHIO | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellee | | CASE No. 2023 CVC-H 000141 |

DECISION AND JOURNAL ENTRY

Dated: December 29, 2025

STEVENSON, Judge.

{¶1} Plaintiffs-Appellants Tara Boler and Trista Bise (the "Taxpayers") appeal from the judgment of the Wayne County Court of Common Pleas that granted summary judgment in favor of Defendant-Appellee City of Rittman (the "City") on the Taxpayers' complaint for repayment of wrongfully collected and unjustly retained municipal income taxes. For the reasons set forth below, this Court affirms.

I.

{¶2} In 1977 the City's voters approved a tax levy that authorized a 1.5% municipal income tax rate for a period of 30 years, from January 1, 1977, to December 1, 2007. Following approval of the levy, sections 191.02 and 191.03 of the Rittman Codified Ordinances authorized the collection of the 1.5% rate. However, beginning in 2008, when the City was only permitted to impose a 1.0% municipal income tax, it continued to impose and collect a municipal income tax

rate of 1.5% for each year until January 2023. According to the City, it discovered the error in July 2022.

{¶3} In a letter to its taxpayers dated January 19, 2023, the City admitted its error and refunded the over-collection from the year 2022. The City refused to refund the over-collection from 2008-2021, characterizing the situation as an "unfortunate result" and citing "legal and practical reasons" why it could not. On January 30, 2023, the City held a special City Council meeting. Approximately 300 taxpayers attended the meeting and demanded refunds, but again, the City refused to authorize refunds for the tax years 2008-2021. The City's position was that the tax money collected during those years had already been spent and was no longer in the City's possession, and the applicable one-year statute of limitations under R.C. 2723.01 had expired.

{¶4} In April 2023, Plaintiff-Appellant Boler filed a complaint against the City setting forth claims for declaratory judgment under Rittman Codified Ordinance 191.16; violation of R.C. 718.12 (Refunds of Municipal Income Taxes); unjust enrichment; and money had and received. The complaint was later amended to include Plaintiff-Appellant Bise. The Taxpayers sought restitution of the sums wrongfully collected and retained. The City moved to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim, or in the alternative for summary judgment, arguing that the matter was governed by R.C. 2723.01 rather than R.C. Ch. 718 as alleged in the complaint. The trial court denied the motion, reasoning that the Taxpayers had properly sought recovery of the overpaid taxes under R.C. Ch. 718.

{¶5} After the trial court denied the City's motion to dismiss, the City filed a writ of prohibition action with the Ohio Supreme Court, alleging in its complaint that the trial court lacked subject matter jurisdiction to hear the tax refund claims. The City argued that R.C. Ch. 2723, not R.C. Ch. 718, set forth the exclusive statutory procedure for obtaining a refund of an allegedly

illegal tax. The City argued alternatively that even if R.C. Ch. 718 applied, any claims brought under that section could not be filed directly in the common pleas court, but instead must be brought in accordance with the administrative and judicial review scheme set forth in R.C. 718.11, 718.19, and R.C. 5717.011(B) which required that requests for a refund be filed with the tax administrator and if those requests were denied, could be appealed to the local board of tax review.

{¶6} Following briefing by the parties, the Ohio Supreme Court issued a decision denying the writ and concluding that the Taxpayers' claims were not governed by R.C. Ch. 718 but instead were "substantively governed" by R.C. Ch. 2723, regardless of how the claims were labeled or characterized in the amended complaint. *State ex rel. Rittman v. Spitler*, 2024-Ohio-5668, ¶ 17 ("*Spitler*").  The *Spitler* Court concluded that,

> Boler and Bise neither overpaid nor erred in how much they paid; rather, they fully paid an unauthorized and illegal tax bill.  Properly characterized, their complaint seeks to have the 1.5 percent tax collected after 2007 declared illegal and to recover the funds that were collected through that illegal tax—which is precisely the type of action contemplated in R.C. 2723.01. R.C. 2723.01 endows common pleas courts of this state with authority to "enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover  them when collected." Thus, Judge Spitler, a common-pleas court judge, has jurisdiction and authority to determine Boler and Bise's case, and we therefore decline to issue a writ of prohibition.

*Spitler* at ¶ 20.  In reaching its conclusion, the Court also noted that the Taxpayers "might encounter obstacles to recovery in other portions of R.C. Ch. 2723," referring to the fact that "[the Taxpayers] may have paid the illegally inflated tax bill without filing the required protest under R.C. 2723.03." *Id*. at ¶ 17, 18.

{¶7} After *Spitler* was issued, the City renewed its motion for summary judgment in the trial court based on the Taxpayers' failure to comply with the mandatory requirements of R.C. 2723.03, meaning the filing of "a written protest as to the portion sought to be recovered, specifying the nature of [the] claim as to the illegality thereof, together with notice of [the]

intention to sue under sections R.C. 2723.01 to 2723.05[.]" On that same date, the City also responded to the Taxpayers' discovery requests. Following an unsuccessful attempt by the parties to meet and resolve their discovery issues, the Taxpayers moved under Civ.R. 56(F) for additional time to respond to the City's motion for summary judgment. The trial court denied the motion. The Taxpayers then opposed the City's motion for summary judgment and at the same time moved the trial court to compel the City to engage in discovery.

{¶8} Without ruling on the Taxpayers' motion to compel, the trial court granted the City's motion for summary judgment, stating briefly as follows:

> Based upon the Ohio Supreme Court decision in [*Spitler*], this Court is of the opinion this matter cannot proceed under R.C. §718.12 and [the Taxpayers] are unable to proceed under R.C. Chapter 2723. Therefore, [the City's ] motion for summary judgment is granted and this matter is dismissed.

{¶9} The Taxpayers timely appealed and assert three assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I:**

**THE TRIAL COURT ERRED IN GRANTING [THE CITY'S] MOTION FOR SUMMARY JUDGMENT AND DISMISSING THE CASE.**

{¶10} The Taxpayers advance two arguments under their first assignment of error: 1) the trial court ignored their R.C. 718.12 claims and ruled only on the Taxpayers' arguments under R.C. Ch. 2723; and 2) the trial court ignored the Taxpayers' equitable claims of unjust enrichment and money had and received. We disagree.

{¶11} The Taxpayers assert that R.C. Ch. 2723 is not the exclusive mechanism to recover municipal income taxes, and because R.C. Ch. 718 is specific to the recovery of municipal income taxes versus the general provisions of R.C. Ch. 2723 ("Jurisdiction of Courts of Common Pleas"),

it provides the correct framework for deciding the case. They maintain that they never alleged that the City's tax was illegal as the Ohio Supreme Court determined in *Spitler*, but instead, that it was incorrectly calculated, and therefore, the claims should be analyzed under R.C. Ch. 718. The foundation of the Taxpayers' argument is that *Spitler* is not the law of the case because the Ohio Supreme Court's finding upon which the City and the trial court relied is dicta, and therefore, is not dispositive of the issues raised in their complaint. They further argue that as "masters of their complaint," they alone dictate what issues are brought before the court and may choose the remedies they wish to pursue.

{¶12}   The Taxpayers argue alternatively that even if R.C. Ch. 2723 applied, dismissal of their claims is not supported by the evidence because any written protest was factually impossible and futile because the City explicitly stated in its letter and at the Council meeting that no refund would be provided.

{¶13}   The City counters that the Ohio Supreme Court's ruling in *Spitler* is binding precedent and the law of the case as to whether the Taxpayers' claims are substantively governed by R.C. Ch. 2723 and that the trial court's decision should be upheld because the Taxpayers' opposition to its motion for summary judgment failed to present any evidence to show that they filed a written protest and notice of intention to sue as required by R.C. 2723.03 when they voluntarily paid their municipal income taxes. The City maintains that the Taxpayers' view treats *Spitler* as if it did not resolve the dispositive legal issue regarding whether their claims are substantively governed by R.C. Ch. 2723. We agree with the City.

{¶14}   Under Civ.R. 56(C), summary judgment is appropriate when:

(1) [no] genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence

most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Ormandy v. Dudzinski*, 2011-Ohio-5005, ¶ 7 (9th Dist.).

### *Spitler* is The Law of The Case

{¶15} The law-of-the-case doctrine states that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). "Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Id*. at syllabus. This doctrine applies generally in cases involving extraordinary writs. *State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 394 (1997), citing *State ex rel. Newton v. Court of Claims*, 73 Ohio St.3d 553, 557 (1995) ("[w]rits of prohibition and mandamus are appropriate to require lower courts to comply with and not proceed contrary to the mandate of a superior court."). Conversely, "dicta" is generally defined as "statements made by a court in an opinion that are not necessary for the resolution of the issues." *Gissiner v. Cincinnati*, 2008-Ohio-3161, ¶ 15 (1st Dist.).

{¶16} We agree with the City that *Spitler* has already addressed and resolved the legal issue of whether the Taxpayers' tax refund claims are substantively governed by R.C. Ch. 2723 and that the *Spitler* Court's analysis is the law of the case and not mere dicta as the Taxpayers argue. The basis of the City's argument in its prosecution of the writ was that the trial court erred

in concluding that R.C. Ch. 718 controlled when it denied the City's motion to dismiss. Therefore, whether the tax refund claims were for overpayments and governed by R.C. Ch. 718 or were an unauthorized or illegal tax governed by R.C. Ch. 2723 was a necessary determination in resolving the jurisdictional question raised by the writ. The *Spitler* court's denial of the writ was based solely on its decision that the claims were substantively governed by R.C. Ch. 2723, which then led to its ultimate conclusion that:

> Accordingly, Judge Spitler, a common-pleas-court judge, has jurisdiction and authority over the underlying action because under R.C. 2723.01, courts of common pleas "may enjoin the illegal levy or collection of taxes and assessment and entertain actions to recover them when collected."

*Spitler* at ¶ 18.

{¶17} Thus, the *Spitler* Court's analysis as to which statute governed was necessary to its decision and was not mere dicta. As the City pointed out, if the *Spitler* Court had concluded that the Taxpayers' claims could have been prosecuted under R.C. Ch. 718, it would have issued the writ of prohibition rather than denied it because as the *Spitler* Court explained, "were the complaint fundamentally a claim for a refund under R.C. Ch. 718, [the Taxpayers] . . . would have had to first seek refunds through the administrative process, which they did not do." *Spitler* at ¶ 15. Furthermore, even if *Spitler* were not the law of the case, it is binding precedent because it constitutes a ruling by the State of Ohio's highest court regarding the applicable law. On that same point, in arriving at its conclusion, the *Spitler* Court relied on its longstanding decision in *Ryan v. Tracy*, 6 Ohio St.3d 363 (1983), which held that "R.C. 2723.01 *et seq*. provide the exclusive means by which a taxpayer may . . . demand that the county auditor refund erroneously collected taxes." *Id*. at 366. Therefore, we overrule the Taxpayers' argument that the trial court erred by ignoring its claims under R.C. Ch. 718 because pursuant to *Spitler* and *Ryan*, R.C. Ch. 718 does not apply to their claims and R.C. 2723.01 provides the exclusive remedy.

### R.C. 2723.03 Requirements Mandatory/Equitable Relief Barred

{¶18} Given the *Spitler* ruling that R.C. Ch. 2723 substantively governs the Taxpayers' claims, we further conclude that the trial court properly determined that the Taxpayers "are unable to proceed under R.C. Chapter 2723" as the trial court concluded and that summary judgment in the City's favor was appropriate. We first note that the Taxpayers' complaint does not allege that they are proceeding under R.C. Ch. 2723, which is sufficient reason to deny any claim under that Chapter. Further, as the Ohio Supreme Court established in *Ryan*, "the written protest and notice of intention to sue provisions of R.C. 2723.03 are mandatory and must be strictly adhered to if an action for the recovery of allegedly wrongfully collected taxes is to be maintained." *Ryan* at 365. The *Ryan* court held that "the court has no option but to bar an action brought pursuant to R.C. 2723.01 *et seq.* where the plaintiff has failed to comply with the mandatory requirements of R.C. 2723.03" regardless of whether the plaintiffs requested declaratory relief or monetary or injunctive relief. *Id*. at 367. "The form of relief desired cannot cure so fatal a defect." *Id*.

{¶19} *Ryan* has not been overturned and continues to be followed by Ohio courts, including in cases such as the instant matter involving claims for unjust enrichment as the exclusive means by which to demand a refund of erroneously collected taxes. *See e.g., Coventry Courts, LLC v. Cuyahoga Cty.*, 2023-Ohio-1037, ¶ 24 (8th Dist.) (unjust enrichment not the proper remedy for recovering overpayment of taxes because R.C. 2723.01 provides an adequate remedy at law); *Hughes v. Bd. of Cty. Commrs. for Portage Cty*., 2023-Ohio-260, ¶ 21-25 (11th Dist.) (affirming dismissal of unjust enrichment claim because R.C. Ch. 2723 provided an adequate remedy at law on plaintiff's unjust enrichment claim); *Musial Offices, Ltd. v. Cty. of Cuyahoga*, 2020-Ohio-5426, ¶ 26-43 (taxpayers could not recover overpayment of illegal taxes based on an unjust enrichment claim but could recover under specific cause of action created by R.C. 2723.01). The Ohio

Supreme Court's ruling in *State ex rel. Albright v. Ct. of Common Pleas of Delaware Cty.*, 60 Ohio St.3d. 40, 42 (1991), also affirms this principle ("it is always inappropriate for courts to grant declaratory judgments and injunctions that attempt to resolve matters committed to special statutory proceedings, [and] their decisions should always be reversed on appeal[.]").

{¶20} The Taxpayers contend that as "masters of their complaint" they can pursue claims of their choice to address the harm at issue. However, "[r]egardless of how an action is labeled, the substance of the party's arguments and the type of relief requested determine the nature of the action," *Lingo v. State*, 2014-Ohio-1052,¶ 38. Therefore, it does not matter whether the Taxpayers' tax refund claims are brought as claims for declaratory or equitable relief because they are all based upon the allegation that they are entitled to a refund of an allegedly illegal tax. Accordingly, those claims fall under R.C. Ch. 2723 regardless of how they are characterized in the complaint.

{¶21} There is no dispute that the Taxpayers did not file a written protest and notice of intent to sue when they paid their municipal income taxes at the 1.5% rate as required by R.C. 2723.03. They do not allege nor did they show that they did so in their response to the City's motion for summary judgment. Therefore, the trial court properly granted summary judgment in the City's favor because the undisputed evidence reflects that the Taxpayers did not comply with the mandatory requirements of R.C. 2723.01.

**Mandatory Requirements of R.C. 2723 Cannot Be<br>Disregarded on Futility Grounds**

{¶22} The Taxpayers argue alternatively that the written protest and notice requirements of R.C. 2723.03 should have been excused as an exception to the exhaustion of remedies requirement because at the time they paid their municipal income taxes at the incorrect rate, they did not realize that the City was misinterpreting the 1977 levy, and therefore, could not have

determined the City's error before it did. The Taxpayers point out that the City waited six months after discovery of the error to announce the overcharge, thus intentionally devising a scheme to ensure that any protest would be futile for previously paid taxes. The Taxpayers further argue that based on the City's letter to its residents stating that it would not issue a refund and the decision announced at the council meeting declining Ms. Boler's refund request, the Taxpayers did not need to file a written protest because doing so would have been futile.

{¶23} In support of their argument, the Taxpayers rely on *Karches v. Cincinnati*, 38 Ohio St.3d 12 (1988), for the proposition that a party is not required to exhaust administrative remedies when, as here, such actions would be "wholly futile" because the City already denied their requests for refunds. *Id*. at 17. The Taxpayers are correct that under *Karches,* futility is one of the exceptions to the exhaustion of remedies requirement. However, the Taxpayers' interpretation of the futility exception does not fall within the definition established by the Ohio Supreme Court.

{¶24} As we explained in *Horvath v. Barberton*, 2022-Ohio-1302, ¶ 13 (9th Dist.),

> The Supreme Court of Ohio has described the futility exception as not requiring a litigant to take a vain act before initiating a judicial action. *See State ex rel. Teamsters Loc. Union No. 436 v. Bd. of Cty. Commrs*., [] 2012-Ohio-1861, ¶ 24. The Court has described such acts as follows:

> [A] "vain act" occurs when an administrative body lacks the authority to grant the relief sought; *a vain act does not entail the petitioner's probability of receiving the remedy. The focus is on the power of the administrative body to afford the requested relief, and not on the happenstance of the relief being granted.*

> (Emphasis [added.]) *Nemazee v. Mt. Sinai Med. Ctr*., 56 Ohio St.3d 109, 115 (1990). *See also BP Communications Alaska, Inc. v. Cent. Collection Agency,* 136 Ohio App.3d 807, 813 (8th Dist.2000) (stating that the futility exception "applies when it would be impracticable to pursue the administrative remedy . . . because the administrative entity lacks the authority to render relief . . .").

{¶25} Here, the Taxpayers are not arguing that the City lacks the authority to grant the requested relief, the issuance of a refund. Rather, the Taxpayers' argument is premised on the unlikelihood of receiving the relief and the "happenstance of the relief being granted" because the

City has already denied the requests for refunds. *Id.* This is precisely the argument that falls outside the meaning of a "vain act." *Id.* Accordingly, we reject the Taxpayers' futility argument.

{¶26} We are not unsympathetic to the Taxpayers' complaints about paying 15 years of wrongful tax collections. However, we are duty bound to consider only the validity and viability of their legal claims under Ohio statutory law and Supreme Court jurisprudence.

{¶27} Based on the foregoing, the Taxpayers' first assignment of error is without merit and is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED IN DENYING [THE TAXPAYERS'] RULE 56(F) MOTION.**

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED IN DENYING [THE TAXPAYERS'] MOTION TO COMPEL DISCOVERY.**

{¶28} The second and third assignments of error will be addressed in a consolidated fashion as resolution of the issues raised therein is based on the same analysis.

{¶29} Turning first to the Civ.R. 56(F) motion for a continuance, the Taxpayers argue that the City's lack of document production in response to their discovery requests prevented them from properly responding to the City's motion for summary judgment and that a continuance would have afforded the opportunity to address those deficiencies. "To obtain a continuance under Civ.R. 56(F), a party must file an affidavit that sets forth why it is unable to present sufficient facts to rebut a motion for summary judgment." *Cessna v. Lone Star Steakhouse & Saloon of Ohio, Inc.,* 2001 WL 1379451, *4 (9th Dist. Nov. 7, 2001). "'A party seeking a Civ.R. Rule 56(F) continuance has the burden of stating a factual basis and reasons why the party cannot present sufficient documentary evidence without a continuance.'" *McPherson v. Goodyear Tire & Rubber*

*Co.*, 2003-Ohio-7190, ¶ 15 (9th Dist.)*, quoting Tandem Staffing v. ABC Automation Packing, Inc.,* 2000 WL 727534, *2  (9th Dist. June 7, 2000).  "'[T]he party must do more than assert a general request; it must demonstrate that a continuance is warranted.'" *Id.*  "The application of Civ.R. 56(F) is discretionary; therefore, a trial court's denial of such a motion shall not be reversed absent an abuse of discretion." *Galland v. Meridia Health System, Inc*., 2004-Ohio-1416, ¶ 6 (9th Dist.).

{¶30}  As the City correctly points out, the Taxpayers failed to demonstrate why a continuance was warranted in order to respond to the City's motion for summary judgment. The City's motion for summary judgment was limited to the issue of the Taxpayers' failure to file a written protest and notice of intent to sue as required by R.C. Ch. 2723 and that those requirements could not be circumvented by a claim for declaratory or equitable relief.  The Taxpayers' Civ.R. 56(F) affidavit did not present any facts as to why they needed to conduct discovery to show they complied with those requirements.  Instead, their affidavit requests to "uncover facts related to the 1.5% tax rate, the discovery of the City's error, and the circumstances underlying the error" and avers that they were never given the chance to depose witnesses or exchange any expert reports. None of those matters pertained to the issues raised in the City's motion for summary judgment. The Taxpayers acknowledge that they did not file a written protest and notice of intent to sue.  If the Taxpayers had filed these documents, they simply could have provided evidence that they did so in their response and there would have been no need for discovery to rebut the City's motion for summary judgment.  In sum, the Taxpayers do not point to any disputed material facts raised by the City's motion that they could not have opposed without further discovery. As the Taxpayers did not meet their burden, we cannot conclude that the trial court abused its discretion in denying a continuance.

{¶31}  For the same reasons, we also reject the Taxpayers' argument that the court abused its discretion in granting summary judgment without compelling discovery.  Although the court did not rule on the motion to compel, it is deemed to have been denied. *Weaver v. Ohio Farmers Ins. Co.*, 2022-Ohio-2716, ¶ 34 (9th Dist.).  Here, the Taxpayers' motion to compel alleged that the City's discovery responses were deficient because they did not include documents regarding the overcollection of taxes or the discovery of the City's error and that the City was improperly using confidentiality and privilege to avoid discovery.

{¶32}  When a party alleges that it cannot respond to a motion for summary judgment because discovery has not been conducted, that party must show prejudice to its ability to rebut the motion because of the trial court's ruling. *Koballa v. Twinsburg Youth Softball League,* 2006-Ohio-4872, ¶ 42-43 (9th Dist.).  However, the Taxpayers failed to meet this burden.  Nothing in their motion to compel, response to the City's motion for summary judgment, or in their Civ.R. 56(F) motion demonstrates that they were prevented from discovering the evidence necessary to rebut the merits of the City's summary judgment motion as the Taxpayers themselves would have possessed that information if it existed.  In fact, they do not claim to have filed a written protest and notice of intent to sue and there was no genuine issue of material fact on this point.  Even if the trial court had granted the motion, the information that the Taxpayers sought in its discovery requests would not have aided them in responding to the City's motion for summary judgment.  Accordingly, we cannot conclude that they were prejudiced by the trial court's ruling and that the trial court abused its discretion in denying their motion to compel.

{¶33}  Based on the foregoing, the Taxpayers' second and third assignments of error are without merit and are overruled.

III.

{¶34}  The Taxpayers' assignments of error are overruled.  The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

SCOT STEVENSON
FOR THE COURT

SUTTON, J.
CONCURS.

FLAGG LANZINGER, P. J.
DISSENTING.

{¶35} I respectfully dissent because I would sustain the Taxpayers' second and third assignments of error. In their second assignment of error, the Taxpayers challenge the trial court's denial of their motion for a continuance under Civ.R. 56(F). In their third assignment of error, the Taxpayers challenge the trial court's implicit denial of their motion to compel discovery. For the following reasons, I would hold that the trial court abused its discretion by denying those motions. *See Galland v. Meridia Health Sys., Inc.*, 2004-Ohio-1416, ¶ 6 (9th Dist.) (regarding the abuse of discretion standard of review for motions under Civ.R. 56(F)); *Commodity Blenders, Inc. v. Van Wezel*, 2016-Ohio-7993, ¶ 7 (9th Dist.) (regarding the abuse of discretion standard of review for motions to compel discovery).

{¶36} In support of their Civ.R. 56(F) motion for a continuance to respond to the City's motion for summary judgment, the Taxpayers' counsel submitted an affidavit wherein she averred, in part:

> [The Taxpayers] are currently unable to present the facts required to adequately oppose the City's Motion for Summary Judgment due to the lack of discovery conducted with respect to the issues presented herein . . . . [The Taxpayers] must be permitted to uncover facts related to the 1.5% tax rate, the discovery of the City's error, and the circumstances underlying the error.

In support of their motion to compel discovery, the Taxpayers argued that the City had refused to engage in meaningful discovery, and explained their attempts to obtain discovery responses from the City.

{¶37} The majority concludes that nothing in the Taxpayers' motion to compel, their Civ.R. 56(F) motion, or their response to the City's motion for summary judgment demonstrated that the Taxpayers were prevented from discovering the evidence necessary to rebut the merits of the City's motion for summary judgment. The majority explains: "the Taxpayers themselves

would have possessed that information if it existed." The majority's conclusion is premised upon its position that the dispositive issue in this case is the Taxpayers' failure to file a written protest and notice of intent to sue, as required under R.C. 2723.03. I disagree.

{¶38} The Taxpayers asserted broad equitable claims in their amended complaint, including a claim for unjust enrichment and a claim for money had and received. In their prayer for relief, the Taxpayers requested an award of restitution, an award of costs and expenses, as well as other relief the trial court deemed appropriate. Because the trial court summarily denied the Taxpayers' discovery motions and granted summary judgment, it is unknown what information the City would have produced that may have supported the Taxpayers' equitable claims. It is also unknown what information the City would have produced that could have led to additional civil claims, or potentially disclosed criminal conduct that could have entitled the Taxpayers to restitution under Marsy's Law. *See State v. Yerkey*, 2022-Ohio-4298, ¶ 12 (Emphasis omitted.), quoting Ohio Const., art. I, § 10a(A)(7) ("Marsy's Law provides victims with the right 'to full and timely restitution from the person who committed the criminal offense or delinquent act against the victim.'"). As a result, I would reverse and remand the matter on the basis that the trial court abused its discretion by denying the Taxpayers' motion for a continuance under Civ.R. 56(F), and implicitly denying their motion to compel discovery.

{¶39} I would then overrule the Taxpayers' first assignment of error on the basis that a determination of whether the trial court erred by granting the City's motion for summary judgment is premature at this time. In doing so, I would note that the trial court's judgment entry granting the City's motion for summary judgment lacks any analysis of the Taxpayers' equitable claims. Instead, it summarily concludes: "Based upon the Ohio Supreme Court decision in *State ex rel. City of Rittman v. Spitler*, 2024-Ohio-5668 (Dec. 5, 2024), this Court is of the opinion this matter

cannot proceed under R.C. §718.12 and [Taxpayers] are unable to proceed under R.C. Chapter 2723." This limited analysis conflicts with this Court's precedent that requires a trial court to set forth an analysis that permits our review. *See Steven A. Ettinger, Inc. v. Kramer*, 2021-Ohio-2219, ¶ 17 (9th Dist.).

{¶40} For the foregoing reasons, I respectfully dissent.

APPEARANCES:

CHRISTOPHER L. INGRAM and DANIELLE S. RICE, Attorneys at Law, for Appellants.

MARGARET S. ECHOLS, Attorney at Law, for Appellants.

STEPHEN A. FUNK, Attorney at Law, for Appellee.

LISA A. MACK and WILLIAM R. HANNA, Attorneys at Law, for Appellee.

MATTHEW D. SIMPSON, Attorney at Law, for Appellee.