### Premier Empire v. Brown
*[Cite as 6 AOA 277]*

*Case No. 1867*
*Medina County, (9th)*
*Decided August 15, 1990*

Randy D. Rinicella, Attorney at Law, Suite 900, 1228 Euclid Ave., Cleveland, Ohio 44115, for Plaintiff.

William L. Thorne, Assistant Prosecutor, Medina County, 135 S. Jefferson St., Medina, Ohio 44256, for Defendant.

CACIOPPO, J.

Plaintiff-appellant Premier Empire appeals the judgment of the trial court dismissing the cause of action to recover a real property conveyance fee, temporarily restrain and permanently enjoin the Medina County Auditor, Treasurer and Board of Commissioners from collecting real estate taxes and to issue a writ of mandamus for return of the conveyance fee. We affirm.

Premier Empire is an Ohio general partnership formed on February 24, 1987, by written agreement executed by Timothy McKinzie and Randy Rinicella. As his initial contribution to the partnership assets, McKinzie conveyed real property to the partnership on February 24, 1987. No consideration other than an interest in the partnership was paid for the conveyance.

On February 26, 1987, Premier Empire paid the Medina County Auditor a real property conveyance fee of approximately $180.

On March 2, 1987, Premier Empire filed an exemption statement and affidavit in support of exemption pursuant to R.C. 319.54(F) (3). Premier Empire subsequently demanded that the conveyance fee be returned and was refused.

On January 26, 1989, Premier Empire filed an action to recover the conveyance fee, and to restrain and enjoin the county officials from collecting real estate taxes. On July 10, 1989, the defendants, Medina County Auditor, Treasurer and Board of Commissioners filed their answer. The defendants filed a motion to dismiss under Civ. R. 12(b)(6) on October 19, 1989. Premier Empire filed a request for admissions and interrogatories and a motion to strike the defendants' defense on November 6, 1989.

On November 21, 1989, the trial court entered its findings. The court found that since the county auditor never acknowledged that an erroneous tax or assessment had been charged or collected, the court had no power to compel the auditor to find that taxes or assessments had been erroneously charged or collected. The trial court granted the defendants' motion to dismiss and denied Premier Empire's motion to strike.

### Assignments of Error

"I. It was fundamental error for the trial court to deny Premier Empire's motion to strike."

"II. It was fundamental error for the trial court to grant the defendant's motion to dismiss."

The assignments of error are interrelated and will be considered together.

Premier Empire argues that the trial court's reliance on *Ryan v. Tracy* (1983), 6 Ohio St. 3d 363 was not proper because that case was modified by the Supreme Court of Ohio's subsequent decision in *Blisswood Village Homeowners Assn. v. McCormack* (1988), 38 Ohio St. 3d 73.

In *Ryan v. Tracy*, supra, paragraph two of the syllabus, the Supreme Court of Ohio held:

"Pursuant to R.C. 319.36, a court may neither compel a county auditor to find that erroneous taxes or assessments have been charged or collected, command the board of commissioners to order him to draw his warrant in favor of an aggrieved taxpayer where the board has not first found an improper assessment to have been made, nor mandate that the auditor draw his warrant before the board has so instructed him." (R.C. 319.36, construed.) The court construed R.C. 319.36 to be wholly administrative in its scope with a taxpayer exerting no influence over it. *Id.* at 366.

In *Blisswood Village Homeowners Assn.,* supra, the Supreme Court of Ohio found that a taxpayer could pursue an action in mandamus, compelling the auditor to perform the duties prescribed in R.C. 319.36, where either the board of commissioners or auditor discovered that taxes had been erroneously collected and the board failed to order the auditor to draw his warrant in favor of the aggrieved taxpayer or the auditor refused to draw his warrant once so instructed. Although the *Ryan* and *Blisswood* decisions are factually distinguishable, they are consistent in that absent the auditor or board of commissioners' finding or discovering that taxes were erroneously collected, a taxpayer has no redress under R.C. 319.36. In situations where neither the auditor or board of commissioners have found that taxes were erroneously collected, the taxpayer's exclusive means to demand the county auditor refund the taxes, with approbation of the court, is under R.C. 2723.01 et. seq. *Blisswood Village Homeowners Assn., supra,* at 74, citing *Ryan, supra.*

Premier Empire asserts that since the auditor was notified that taxes were erroneously collected it is equivalent to the auditor finding or discovering that the taxes were erroneously collected. We disagree. Although the auditor was notified by Premier Empire that taxes were erroneously collected, the auditor had not acknowledged that such was true. Without the auditor or board of commissioners having found an improper assessment to have been made, Premier Empire cannot compel the auditor to make such a finding pursuant to R.C. 319.36. The trial court did not err when it found that it had no power to compel the auditor to find that taxes had been erroneously collected.

The judgment of the trial court is affirmed.

CACIOPPO, J., for the court.

QUILLIN, P.J., and MAHONEY, J., concur.

Mahoney, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Article IV, Section 6(C), Constitution.

---

[1] R.C. 319.36 provides, in pertinent part:

"If, at any time, the auditor discovers that erroneous taxes or assessments have been charged or collected in previous years, he shall call the attention of the county board of revision to such charge or collection at a regular or special session of the board. If the board finds that taxes or assessments have been erroneously charged or collected, and in all cases where the tax commissioner has certified such a determination under section 5711.32 of the Revised Code, it shall:

"***

"(B) *** order the auditor to draw his warrant on treasurer in favor of the person paying them, or his personal representative, for the full amount of the taxes or assessments so charged and collected with any applicable interest thereon as prescribed by section 5719.041 [5719.04.1] of the Revised Code[.]"