[Cite as *Hughes v. Portage Cty.*, 2020-Ohio-6809.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| JANE L. HUGHES, INDIVIDUALLY, AND AS TRUSTEE FOR THE JANE L. HUGHES REVOCABLE TRUST DATED MARCH 23, 1994, et al., | : : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2020-P-0012** |
| PORTAGE COUNTY, OHIO, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2019 CV 00387.

Judgment: Reversed and remanded.


*Patrick J. Perotti, Nicole T. Fiorelli,* and *Frank A. Bartela,* Dworken & Bernstein Co., L.P.A., 60 South Park Place, Painesville, Ohio 44077, *Robert McNamara,* McNamara, Demczyk Co., L.P.A., 12370 Cleveland Avenue NW, Uniontown, Ohio 44685, and *Benjamin Calkins*, The Calkins Law Firm, 100 North Main Street, Suite 235, Chagrin Falls, Ohio 44022 (For Plaintiffs-Appellants).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Christopher J. Meduri,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, Ohio 44266 (For Defendant-Appellee).


THOMAS R. WRIGHT, J.

{¶1} Appellants, Jane L. Hughes, individually and as trustee for the Jane L. Hughes revocable trust dated March 23, 1994; Warner L. Hughes, individually and as trustee for the Warner L. Hughes revocable trust dated March 23, 1994; and Kenneth T.

Hughes, individually and as trustee for the Kenneth T. Hughes revocable trust dated August 10, 2007 (collectively the Hughes) appeal the trial court's decision dismissing their class action complaint against Portage County, Ohio (the county) and overruling their motion to amend their complaint as moot. For the following reasons, we reverse and remand.

{¶2} The Hughes' May 2019 class action complaint alleges that the county incorrectly assessed and overcharged them an excessive amount of property taxes on their respective agricultural properties as a result of the state's annual land tax tables. The Hughes allege that they, as well as similarly situated property owners, were overcharged, but that they lack any means to challenge the unlawful values set forth in the state's current agricultural use value (CAUV) tables. The Hughes' complaint labels their causes of action as equitable disgorgement, unjust enrichment, and declaratory judgment.

{¶3} Portage County filed an answer and a motion to dismiss on the same date arguing three bases for dismissal. It claims: [1.] the trial court lacks jurisdiction since the Hughes failed to name a necessary and indispensable party; [2.] the Hughes failed to exhaust their administrative remedies; and [3.] the Hughes' request for injunctive relief would essentially stay the Tax Commissioner's determination, which is prohibited by law.

{¶4} In response, the Hughes sought leave to amend their complaint which the county opposed. The county's opposition reiterates the merits of their motion to dismiss but does not allege any resulting prejudice from the filing of an amended complaint.

{¶5} In January 2020, the trial court granted the county's motion to dismiss and denied the Hughes' leave to file an amended complaint as moot, stating:

2

{¶6} "The Court has reviewed the pleadings and counsel's briefs. Based on the arguments within Defendant's motion, this matter is hereby dismissed.

{¶7} "Defendant's motion to dismiss is hereby granted. Costs to Plaintiffs.

{¶8} "Plaintiff's pending Motion to Amend Complaint is moot."

{¶9} The Hughes' sole assigned error asserts:

{¶10} "The trial court erred in dismissing plaintiffs' lawsuit and denying as moot plaintiffs' motion for leave to file an amended complaint. T.d. 17."

{¶11} We review trial court's decisions regarding leave to amend a complaint for an abuse of discretion. *Kent State Univ. v. Bradley Univ.*, 2019-Ohio-2088, 136 N.E.3d 774, ¶ 109 (11th Dist.), citing *Merrill Lynch Mtge. Lending, Inc. v. 1867 W. Mkt., L.L.C.*, 9th Dist. Summit No. 23443, 2007-Ohio-2198, ¶ 8.

{¶12} "'[T]he term abuse of discretion' is one of art, connoting judgment exercised by a court, which does not comport with reason or the record.' *State v. Underwood*, 11th Dist. No. 2008-L-113, 2009-Ohio-2089, 2009 WL 1177050, ¶ 30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678, 148 N.E. 362 (1925). * * * [A]n abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.' *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, 2010 WL 1731784, ¶ 62, quoting Black's Law Dictionary (8 Ed.Rev.2004) 11. When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error (of course, not all errors are reversible. Some are harmless; others are not preserved for appellate review). By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would

3

have reached a different result is not enough, without more, to find error.' *Id.* at ¶ 67."
*Ivancic v. Enos*, 2012-Ohio-3639, 978 N.E.2d 927, ¶ 70 (11th Dist.).

{¶13} Civ.R. 15 governs motions for leave to amend the pleadings, and Civ.R. 15(A), *Amendments*, states in part:

{¶14} "A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. *The court shall freely give leave when justice so requires*." (Emphasis added.)

{¶15} The Hughes argue the trial court abused its discretion by granting the county's motion to dismiss without first granting the Hughes' leave to amend their complaint because their requested leave was timely sought early on in the proceedings; their amended complaint addressed each issue raised in the county's motion to dismiss; and it resulted in no prejudice to the county. In response, the county argues the merits of their motion to dismiss and contends the trial court's dismissal decision was proper regardless of the substance of the Hughes' amended complaint because the Hughes failed to exhaust their administrative remedies. However, in their reply, the Hughes detail why they lacked an administrative remedy in light of the relief they sought, i.e., repayment of overcharged taxes resulting from the state's improperly calculated CAUV.

4

{¶16} The Hughes' leave to file their amended complaint was filed more than 28 days after the county's motion to dismiss. Thus, the latter half of Civ.R. 15(A) controls and dictates that either leave is required or the opposing party's consent.

{¶17} As stated, the Hughes' sought leave to amend their complaint since they were filing it in response to a motion to dismiss more than 28 days later. Their motion for leave states in part that their amended complaint addresses the arguments raised in the county's motion to dismiss and that it would thus streamline the issues the court needs to address. The leave motion also states in part that the amended complaint changes the named defendant to satisfy one of the county's allegations and that the amended complaint eliminates the request for declaratory judgment to satisfy another argument raised in the county's motion. The motion for leave also provides that the amended complaint pleads additional facts to satisfy the county's argument about the Hughes' alleged failure to exhaust their administrative remedies. Consistent with these claims, a review of their first amended class action complaint attached to their motion for leave confirms their claims that they changed the named defendant, eliminated their request for declaratory judgment, and added factual allegations regarding why they did not pursue an administrative remedy.

{¶18} However, it appears the court did not assess the proposed changes because the trial court did not grant leave for the Hughes to file their amended complaint or indicate the reason for its dismissal. The court likewise does not state any reason for denying the requested leave and does not conclude that the amended complaint fails to remedy all or some of the alleged deficiencies highlighted in the county's motion to dismiss.

{¶19} "The rules are structured to allow prompt and summary disposition of cases at early stages in cases where recovery could not under any circumstances be made." *Peterson v. Teodosio*, 34 Ohio St.2d 161, 174, 297 N.E.2d 113 (1973). However, "[t]he spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies. Civ.R. 1(B) requires that the Civil Rules shall be applied 'to effect just results.' Pleadings are simply an end to that objective. The mandate of Civ.R. 15(A) as to amendments requiring leave of court, is that leave 'shall be freely given when justice so requires.' Although the grant or denial of leave to amend a pleading is discretionary, *where it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, and it is tendered timely and in good faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such amended complaint is an abuse of discretion.*" (Emphasis added.) *Id.* at 175.

{¶20} Thus, the Ohio Supreme Court held "it is an abuse of discretion for a court to deny a motion, timely filed, seeking leave to file an amended complaint, where it is possible that plaintiff may state a claim upon which relief may be granted and no reason otherwise justifying denial of the motion is disclosed." *Id.* at paragraph six of the syllabus.

{¶21} In *Ryan v. Huntington Tr.*, 2015-Ohio-1880, 35 N.E.3d 19, ¶ 18 (7th Dist.), however, the court of appeals found no abuse of discretion when the trial court denied leave to amend the plaintiff's complaint because the motion to amend did not address any alleged defect that was raised in the dismissal motion and the leave was sought after discovery had concluded and motions for summary judgment were pending.

{¶22} And in *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 706 N.E.2d 1261 (1999), the Supreme Court found that although Civ.R. 15(A) encourages liberal

6

amendments, a motion to amend pleadings should be denied if it is made in bad faith, with undue delay, or undue prejudice to the opposing party.

{¶23} Here, according to the docket, discovery had not commenced, and the court had yet to even hold a pretrial or status conference. Moreover, there is no record of the Hughes making dilatory filings, excessive amended pleadings, or any prejudice to the county had leave been granted, and it does not allege any.

{¶24} Further, the Hughes' motion for leave states that its amended complaint remedies the issues that the county pointed out in its dismissal motion, and the trial court does not find that the Hughes' amended complaint would *not* have cured the defects identified in the county's motion. Instead, based on its conclusion that the leave to amend was moot, it appears likely that the trial court ruled on the merits of the motion to dismiss without considering the substance of the proposed amended complaint. *Black's Law Dictionary* (11th Ed.2019) (defining moot as "[h]aving no practical significance; hypothetical or academic"); *State v. Raybould*, 11th Dist. Portage No. 2018-P-0085, 2019-Ohio-3057, ¶ 35, citing *Shelko v. Dolinar*, 11th Dist. Lake No. 88-L-13-161, 1990 WL 93127, *5 (June 29, 1993) (Ford, J., dissenting) (defining moot as having no practical effect on the existing controversy). In light of its conclusion that its review of the amended complaint was moot or hypothetical, it is evident the trial court did not reach the merits and assess whether the amended complaint cures the alleged defects.

{¶25} Consequently, we find no rational reason for the court's denial of the motion to amend, and its denial of Hughes' motion to amend their complaint constitutes an abuse of discretion. This decision neither comports with reason nor the record. Moreover, because the trial court did not reach the merits of the county's motion to dismiss and

7

whether the amended complaint cures the alleged deficiencies, we will not do so for the first time on appeal.

{¶26} Thus, the Hughes' sole assigned error has merit, and the trial court's decision granting the county's motion to dismiss and denying the Hughes' motion for leave to amend their complaint is reversed and remanded. On remand, the trial court shall grant the Hughes' motion for leave to amend, and thereafter, the county may renew its motion to dismiss based on the Hughes' amended complaint, if it so chooses.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.